# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JODY MILLER,

    Plaintiff,

v.

TERRANCE HOLMES; DONNIE HOWARD; and THE CITY OF DARIEN,

    Defendants.

CV 215-46

## ORDER

Presently before the Court is Plaintiff Jody Miller's ("Miller") Motion to Remand this case to the Superior Court of McIntosh County, Georgia. Dkt. No. 8. Upon due consideration, Miller's Motion is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Miller's Complaint alleges that he "shot the bird" at Defendant Terrance Holmes ("Holmes") of the "Darien Police" as Miller drove by the City of Darien Police Department on July 28, 2013. Dkt. No. 1, p. 7 at ¶¶ 22, 25.[1] Miller continued driving to his intended destination, parked his car, and exited his vehicle. Id. p. 8 at ¶ 28. Holmes followed Miller in his car

---

[1] "Shooting the bird" is a colloquialism for a vulgar symbol, made with one's hand, in which one raises his middle finger toward another.

with his beacons flashing, along with another Darien police officer and a deputy sheriff. Id. at ¶ 29. When Miller returned to his car, Holmes allegedly exited his cruiser and motioned for Miller to approach him, id. at ¶ 30, asked for Miller's driver's license, id. at ¶ 32, threatened to arrest Miller if he did not put his phone away when he tried to record the events, id. p. 9 at ¶ 33, and subsequently handcuffed him, id. at ¶ 41.

While Miller was handcuffed, Holmes emptied Miller's pockets, id. p. 10 at ¶ 45, forced him into the backseat of the cruiser, id. at ¶ 47, and unlocked Miller's car to search it, id. Holmes and the other two police officers then retrieved books from the back of the patrol car, allegedly searching for crimes with which to charge Miller. Id. at ¶ 48. After approximately ten to fifteen minutes of searching, Holmes drove Miller to the jail, where he was searched and processed for violating O.C.G.A. § 40-6-125, Method of Giving Hand and Arm Signals, and Darien City Ordinance 46-19, Disorderly Conduct. Id. pp. 10-12 at ¶¶ 50-62.

After spending approximately five hours in jail, Miller was released upon posting a bond of $627. Id. p. 12 at ¶ 59. Miller was arraigned on the aforementioned charges, which Police Chief Donnie Howard ("Howard") allegedly ratified, on December 18, 2013, in the Darien City Court. Id. pp. 15-16 at ¶¶ 89-90.

AO 72A
(Rev. 8/82)

On January 17, 2014, the prosecutor *nolle prosequi* Miller's case. Id.

Miller filed the present action on March 12, 2015, in the Superior Court of McIntosh County, Georgia. Dkt. No. 1, p. 5. Miller alleges that Holmes acted illegally when he arrested him with no probable cause. Id. pp. 17-18 at ¶ 101. As a result of his "physical and mental anguish," id. p. 17 at ¶ 99, Miller brought suit against Holmes, Howard, and the City of Darien ("Darien") for malicious prosecution, false arrest, and battery. Id. at p. 5.

Shortly after receiving Miller's Complaint, Defendants filed a timely Notice of Removal. Id. at pp. 1-2. Defendants allege that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), given that Miller's Complaint sets forth claims "arising under" federal law. Dkt. No. 1, p. 1. Specifically, Defendants point to Miller's allegation that Holmes arrested him for "shooting the bird"—a constitutionally protected act with First Amendment implications—as the basis for a cause of action under 42 U.S.C. § 1983. Dkt. No. 11, p. 4.

Following briefing from the parties, the Court held a Motions Hearing to address whether Miller's claims "arise under" federal law, on October 5, 2015. Dkt. No. 18. Immediately following the hearing, counsel for Miller filed a "Prejudicial Stipulation in Lieu of Dismissal with Prejudice," wherein he

3

stated that he would not file a subsequent claim, or seek relief pursuant to 42 U.S.C. § 1983, if the case were remanded to state court. Dkt. No. 19. Now pending before the Court is Miller's Motion to Remand (Dkt. No. 8), which the Court **GRANTS** for the reasons set forth below.

## DISCUSSION

A defendant may remove a case from state court to federal court if the federal court had jurisdiction to hear the case originally. See 28 U.S.C. § 1331 ("[A] district court has subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."); see also 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Given that removal jurisdiction raises significant federalism concerns, "federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)). The removing party "bear[s] the burden of demonstrating federal

4

AO 72A
(Rev. 8/82)

jurisdiction." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998).

To determine whether a claim arises under federal law, courts apply the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Federal question jurisdiction will be found where a "well-pleaded complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 27-28 (1983)).

Here, Defendants bear the burden of demonstrating the existence of federal jurisdiction. Defendants argue that Miller's Complaint—which cites Supreme Court jurisprudence regarding the bounds of protected speech— sets forth a federal cause of action and its removal is thus justified. Dkt. No. 11, pp. 3-4; see, e.g., Dkt. No. 1, p. 2 at ¶¶ 7-9.[2]

---

[2] Paragraph 8, in relevant part, states:

General reference to federal law does not automatically invoke federal jurisdiction. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."); see also Hansard v. Forsyth Cty., 191 F. App'x 844, 846 (11th Cir. 2006) (declining to find federal jurisdiction where recovery was based on a Georgia statute, even though the complaint stated that "Defendant's arbitrary and capricious acts have violated Plaintiffs' rights under . . . the United States Constitution, including U.S. Const. Amend. V and amend. XIV, § 1").

The present case is somewhat analogous to Hansard, in that Miller specifically pleads state law claims while citing Supreme Court cases to bolster his argument that Defendants knew or should have known that "shooting the bird" is not illegal. 191 F. App'x at 846; Dkt. No. 1, pp. 2-4 at ¶¶ 6-21, p. 13 at ¶¶ 66-70. For a case to "arise under" federal law, federal law must have created the cause of action alleged. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Franchise Tax Bd., 463

---

> Even vulgar and offensive language directed at police officers is protected free speech by the First Amendment to the United States Constitution and cannot be made a crime and cannot be considered obstruction of an officer. This rule was announced by the United States Supreme Court long ago in the case of Lewis v. City of New Orleans, 415 U.S. 130 [(1974)].

Dkt. No. 1, p. 2 at ¶ 8.

U.S. at 8-10). Neither the First Amendment to the United States Constitution nor any other federal law creates Miller's three causes of action. His claims are a creation of Georgia law.

Furthermore, although it is a close call, Miller's case does not depend on a construction of federal law. Miller solely seeks relief for claims based upon state law. In the present case, any reference to federal law exists only to highlight the extent of Defendants' alleged misconduct. See Diaz, 85 F.3d at 1505 (whether a lawyer charged with legal malpractice misread or disregarded federal law in such a way to constitute legal malpractice in Florida is a question of state law); cf. Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994) (Federal question jurisdiction did not arise where elements of a state-law claim included alleged knowledge of, and failure to comply with, federal securities laws); Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994) (holding that a "malicious prosecution action does not 'arise under' federal law simply because one element requires proof that the underlying federal action was legally untenable.").

The fact that a state court *may* rely on Defendants' knowledge of federal law to determine their liability for a state cause of action does not justify this Court's review, particularly where the parties are not diverse. See Moore v. Chesapeake & Ohio Ry. Co., 291 U.S. 205, 214-15 (1934) ("[I]t

does not follow that a suit brought under the state statute which defines liability to employees who are injured while engaged in intrastate commerce, and brings within the purview of the statute a breach of the duty imposed by the federal statute, should be regarded as a suit arising under the laws of the United States and cognizable in the federal court in the absence of diversity of citizenship."). Given counsel for Miller's most recent filing, the Court recognizes the absence of a federal question, and concludes that Miller's state-law claims do not depend on a construction of federal law. Accordingly, the Court **GRANTS** Miller's Motion for a Remand (Dkt. No. 8).

## CONCLUSION

For the reasons set forth above, Miller's Motion for a Remand is **GRANTED**. The Clerk of Court is hereby **DIRECTED** to **REMAND** this case to the Superior Court of McIntosh County, Georgia, for resolution.

SO ORDERED, this 23RD day of October, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA